CV 13 7167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x   GLASSER, J.

VIDA TAYLOR, DOMINIQUE TAYLOR
and IMANI TAYLOR,

                              Plaintiffs,

                      COMPLAINT GOLD, M.J.

    -against-

                      JURY DEMAND

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOE 1-10,

                             Defendants.
--------------------------------------------------------------x

Plaintiffs VIDA TAYLOR, DOMINIQUE TAYLOR and IMANI TAYLOR (hereinafter "plaintiffs"), by their attorney(s) THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK and POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as the Defendants), allege as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.     All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the

Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. Each plaintiff is a resident of the County of Kings, City and State of New York. Each plaintiff is an African American female of full age.

6. At all relevant times POLICE OFFICERS JOHN DOE 1-10 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the NYPD.

7. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department, the NYPD.

8. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

9. Plaintiffs sue all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about July 30, 2013, at approximately 06:00 p.m., inside of the premises known and described as 390 Georgia Avenue, #2C, Brooklyn, New York 11207 (hereinafter "subject premises"), the plaintiffs were illegally and unlawfully arrested by defendant officers. At the time of the above-referenced arrests, the plaintiffs resided at the subject premises.

11. Prior to, or at the time of the above-referenced arrests, the following persons were also within the subject premises, namely Felicia Taylor (the plaintiffs' daughter/sister), Darryl Daniel (Felicia Taylor's boyfriend), Harold Robinson (the plaintiff Vida Taylor's nephew), Malanii Glover (the plaintiff Dominique Taylor's infant daughter), Saniyaa Taylor (Felicia Taylor's infant Daughter) and Bashon Taylor (the plaintiff Vida Taylor's cousin).

12. Prior to the incident, Bashon Taylor had left the subject premises in order to go to the grocery store to purchase some items fro the plaintiff Vida Taylor, who at the time was cooking.

13. At the time Bashon Taylor left the subject premises, he left the front door to the subject premises unlocked.

14. Soon after Bashon Taylor left the subject premises, the defendant officers entered into the subject premises with their guns drawn, and ordered the occupants, including the plaintiffs to get down to the floor.

15. The occupants of the subject premises, including the plaintiffs, complied with the defendant officers' commands.

16. The defendant officers displayed a document which appeared to the plaintiffs to be an arrest warrant for Darryl Daniel, and Darryl Daniel was immediately arrested.

17. However, despite the complete lack of probable cause to do so, the defendant officers also immediately arrested the plaintiffs.

18. At approximately 07:00 p.m., the plaintiffs were taken to the 75th police precinct, located at 1000 Sutter Avenue, Brooklyn, New York 11207. At the 75th precinct the plaintiffs were fingerprinted and photographed.

19. At approximately 01:00 a.m. on July 31, 2013, the plaintiffs were taken to "Central Booking", situated within the Kings County Criminal Courthouse building located at 120 Schermerhorn Street, Brooklyn, New York 11201.

20. At approximately 11:00 a.m. on July 31, 2013, the plaintiffs were released from custody without being arraigned before a judge.

21. Upon information and well-founded belief, the Kings County District Attorney's office had declined to prosecute the plaintiffs.

22. The plaintiff Vida Taylor's arrest number was "K13668477". The plaintiff Dominique Taylor's arrest number was "K13668468". The plaintiff Imani Taylor's arrest number was "K13668453".

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

23. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. The arrest, detention and imprisonment of each plaintiff was/were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest, detention or imprisonment.

25. As a result of each plaintiff's false arrest, detention and imprisonment, she has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know her, was prevented from attending to her necessary affairs, and has been otherwise damaged in her character and reputation.

26. Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial, against each of the above-referenced defendant officers, individually and severally.

27. At the time of the incident, each of the above-referenced defendant officers, who at the time were employed by defendant City of New York, were in the course of their duties. As such, the defendant City of New York is

responsible for the above-referenced defendant officers' actions, based upon the theory of *respondeat superior*.

### CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

28. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to said plaintiff's constitutional rights, as more fully set forth above.

30. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of her constitutional rights, despite having had a realistic and reasonable opportunity to do so.

31. As a consequence of said defendants' actions, each plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and her constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

WHEREFORE, each plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3. For costs of suit herein, including the plaintiffs' reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      December 16, 2013

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994